IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Omar 'Adbel-Al-Mu'Mit<br>aka John James Bell,<br><br>               Plaintiff,<br><br>vs.<br><br>United States Army; Department of Defense,<br><br>               Defendants. | Civil Action No. 3:07-3523-GRA-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on Defendant United States Army's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1). [Doc. 16.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters involving litigation by individuals proceeding *pro se* are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKGROUND

The plaintiff, alleges that he is a Vietnam veteran who served with the 9th Infantry Division, United States Army from 1967-68. (Compl. at 2.) The plaintiff states that he was found guilty by a General Court-Martial for desertion in August 1968, and was sentenced to confinement for one year with a Bad Conduct Discharge. (Compl. at 2.) The plaintiff claims his conviction was overturned on appeal in April 1969, and that he was reinstated in the Army and was given back pay for the period from March 1968 until May 1969. (Compl. at 2.)

After reinstatement, he contends that he was treated for "Post Vietnam Stress Syndrome" at Fitzsimmons General Hospital in Denver, Colorado. *Id*. The plaintiff,

however, "left the unit unsupervised and was again charged with desertion." (Compl. at 2.) As a result, he was subject to a Special Court-Martial for being absent without leave. *Id*. The plaintiff further avers that he was told he could sign a DD Form 212 if he had no further desire to serve in the military and that he would receive an undesirable discharge for the good of the service. *Id*. The plaintiff believes he was informed that six months after being discharged from the service he would be eligible to receive an upgrade in his discharge characterization of service to general under honorable conditions because of his service in Vietnam. *Id*. The plaintiff was discharged with an undesirable characterization of service on February 6, 1970. *Id*.

The plaintiff alleges, however, that he has not received "the back-pay still owed as a result of the 'vacated sentence' in April, 1969" and further alleges that his discharge has not been upgraded. *Id*. The plaintiff claims that in 1976 he "was able to attain a lawyer from the American Legion held in New Orleans, Louisiana and they felt [Mr. Bell] did not deserve an upgrade of discharge, although the above was discussed." (Compl. at 4.) The plaintiff contends that he "has sent information to the discharge review board, as well as to the Department of Defense claiming 'wrongful discharge.'" (Compl. at 1.)

The plaintiff filed his Complaint on October 24, 2007. Although not entirely clear on the face of the complaint, it appears that the plaintiff is seeking an order from the Court to correct his military records by upgrading his discharge characterization of service from undesirable to general, under honorable conditions. The plaintiff also appears to be seeking back pay related to the "vacated sentence" that allegedly occurred in April 1969. (See Compl. at 2.) The plaintiff captioned his Complaint as a wrongful discharge claim and states he "is in need of medical assistance from the military with regard to [psychiatric] evaluation, both with medication and financial aide." (Compl. at 3.)

**APPLICABLE LAW**

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The plaintiff brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**DISCUSSION**

The Court would state, as an initial matter, that it does not take lightly the plaintiff's claims. It is clear from his Complaint and briefs that the plaintiff feels substantially aggrieved. Nothing in the Court's decision should be construed as any comment on the actual justice or injustice done to the plaintiff, as alleged. The Court, however, is constrained by federal statutes to transfer the case. The Court would further state that the plaintiff's service to his country in Vietnam is earnestly appreciated.

**I.     SUBJECT MATTER JURISDICTION**

The plaintiff's Complaint appears to request back pay and a correction to his military records. As the defendant contends, this claim is rightly translated as one pursuant to the Tucker Act, 28 U.S.C. §1491. Contract claims against the United States are controlled by the Tucker Act. *See* 28 U.S.C. § 1491. The Tucker Act provides that the Court of Federal

3

Claims may, in appropriate military back pay cases, "provide an entire remedy," including "restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records." 28 U.S.C. § 1491(a)(2). The Claims Court has found that it has "explicit statutory authority" to provide relief for complaints requesting "back pay, reinstatement, and correction of records." *Mitchell v. United States*, 930 F.2d 893, 895-96 (Fed. Cir. 1991); *see also Andrews v. Webb*, 685 F. Supp. 579 (E.D. Va.1988) (involving former marine officer's request for back pay).

The United States argues that this court lacks subject matter jurisdiction because the Tucker Act vests exclusive jurisdiction in the Court of Federal Claims over non-tort claims against the United States for damages in excess of $10,000. It is true, that the district courts and the Court of Claims have concurrent jurisdiction over Tucker Act claims, where the amount in controversy is less than $10,000. 28 U.S.C. § 1346(a)(2). Where a claim is for an amount in excess of $10,000, however, the Court of Claims has exclusive jurisdiction. *See id.*; 28 U.S.C. § 1491.

It is axiomatic that this Court is one of limited jurisdiction and must always be satisfied of its own subject matter jurisdiction before proceeding. Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). It is equally axiomatic that the burden is on the plaintiff to show the basis for the court's subject matter jurisdiction. *The Piney Run Preservation Ass'n v. The County Com'rs*, 523 F.3d 453, 459 (4th Cir. 2008). While *pro se* litigants are held to a less onerous standard, jurisdiction must still be pled and established.

In this action the Complaint does not state any amount of damages. The plaintiff has filed two responses to the defendant's motion to dismiss, and neither one makes any attempt to demonstrate that the amount in controversy is either more or less than $10,000. Nor has the plaintiff waived any claim to back pay in excess of that amount, such that jurisdiction might lie in this Court. *See e.g., Roedler v. Dep't. of Energy*, 255 F.3d 1347,

4

1351 (Fed. Cir.2001); *Smith v. Orr*, 855 F.2d 1544, 1553 (Fed. Cir.1988); *Goble v. Marsh*, 684 F.2d 12, 15 (D.C. Cir.1982).

Thus, it is not entirely clear that plaintiff is seeking more than $10,000 in damages. However, the Court is persuaded by the numerous courts that have held that the plaintiff bears the burden of demonstrating that his claims do not exceed the $10,000 in damages required for concurrent district court jurisdiction. *See Schmidt v. U.S. Army Corps of Engineers*, 2008 WL 2783292, at *6 (W.D. Mich. July 15, 2008); *see also Ware v. United States*, 626 F.2d 1278, 1286-87 (5th Cir.1980); *Clark v. United States*, 691 F.2d 837, 840 (7th Cir.1982) (noting that "[w]ithout a statutory waiver, the district courts have no jurisdiction over a claim for damages against the United States, and the Tucker Act bars their jurisdiction over claims like these in excess of $10,000"); *Enplanar, Inc. v. Marsh*, 829 F. Supp. 848, 851 (S.D. Miss.1992). As stated, federal courts have held that district courts may assert jurisdiction over Tucker Act claims so long as the plaintiff waives any recovery of damages in excess of $10,000. *See e.g., Roedler*, 255 F.3d at 1351.

Because the plaintiff has failed to respond to the defendant's motion to dismiss in this regard and has failed to plead any amount of damages in his Complaint, this court is constrained to conclude that he has not waived the right to obtain damages greater than $10,000. *See Schmidt*, 2008 WL 2783292, at *6. "It is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). To that extent, the exclusive jurisdiction over this claim rests in the Court of Claims and the claim must be transferred to the Claims Court pursuant to 28 U.S.C. § 1406(c). *See Portsmouth Redevelopment and Housing Authority v. Pierce*, 706 F.2d 471, 475 (4th Cir. 1983).

It should be noted that the plaintiff's claims, in fact, appear to be barred by the applicable statute of limitations. But, subject-matter jurisdiction must lie before the Court

could consider that defense. *See Arch Mineral Corp. v. Babbitt*, 104 F.3d 660, 664 (4th Cir. 1997). Because the Court lacks jurisdiction, therefore, the statute of limitations issue cannot be reached.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that the United States Army's motion to dismiss [Docs. 16] should be GRANTED and the entire case transferred to the Court of Federal Claims pursuant to 28 U.S.C. § 1406(c). *See Portsmouth Redevelopment and Housing Authority v. Pierce*, 706 F.2d 471, 475 (4th Cir. 1983).

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

August 20, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).